IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marc George, #45078-008, | ) C/A No. 0:09-2507-HFF-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| John R. Owen, Warden, | ) |
| Defendant. | ) |

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Marc George, ("Plaintiff"), a self-represented federal inmate, brings this action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971), alleging violations of his civil rights. Plaintiff is a inmate at Federal Correctional Institution ("FCI") Williamsburg, a facility of the Bureau of Prisons ("BOP"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names the Warden of FCI Williamsburg as the sole defendant.[1] Plaintiff claims that he has been denied proper medical treatment due to his immigration status and race and seeks injunctive relief. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915,

---

[1]Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating

---

[2]Screening pursuant to § 1915A is subject to this standard as well.

a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[3] Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

## BACKGROUND

On September 25, 2009, Plaintiff filed a document entitled "28 U.S.C. § 2241 Civil Action, Emergency Medical Civil Complaint." (Docket Entry 1.) The pleading indicated that

---

[3] Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 129 S. Ct. at 1949-51. Moreover, §§ 1915(e)(2) and 1915A(b) permit sua sponte dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

PJG

Plaintiff was being subjected "to cruel and unusual punishment at the hands of multiple Bureau of prisons Medical staff." (Compl., Docket Entry 1 at 1.) Specifically, Plaintiff stated that he "has been subjected to substandard secondary health care" regarding a "possible cancerous popliteal cyst" on Plaintiff's knee. (Id. at 1-2.) Plaintiff "fears the medical staff have decided not to operate and or fix the petitioners knee due to the petitioners Immigrational status and the petitioners race." (Id. at 2.) Plaintiff's Complaint sought injunctive relief in the form of medical treatment; however, no specific facts regarding Defendant Owen were provided in the body of the pleading.

Plaintiff failed to provide the court with financial and service documents required to review and advance his case. Therefore, on October 5, 2009 an Order was issued directing Plaintiff to bring this case into proper form by completing a standard complaint form and submitting the needed financial and service documents. (Docket Entry 5.) On October 23, 2009, Plaintiff submitted a motion for leave to proceed *in forma pauperis* (Docket Entry 7) and an Amended Complaint (Docket Entry 8). Plaintiff's Amended Complaint again named John R. Owen, Warden of FCI Williamsburg, as the sole defendant in this action. The Amended Complaint stated, verbatim:

> I have unbearable pain in my Knee and the staff in Williamsburg are refusing to operate on me. They say that when I get deported I can get the operation. Other inmates have gotten the operation and I feel that I am being discriminated against due to my race and immigration status.

(Am. Comp., Docket Entry 8 at 3.) As in the original Complaint, Plaintiff provided no facts in the body of the Amended Complaint regarding Defendant Owen. The Amended Complaint also indicates that Plaintiff did not file an institutional grievance concerning the issues raised in this action. (Id. at 2.) The relief section of Plaintiff's Amended Complaint has been left blank. (Id. at 5.)

*PJG*

## DISCUSSION

Plaintiff is bringing suit against the warden of a federal prison. As such, his constitutional claims are evaluated under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. Carlson v. Green, 446 U.S. 14, 18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, case law involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994); Bolin v. Story, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); Campbell v. Civil Air Patrol, 131 F. Supp. 2d 1303, 1310, n.8 (M.D. Ala. 2001) ("[T]he court shall refer interchangeably to cases" decided under both § 1983 and Bivens).

Plaintiff alleges that the medical staff at FCI Williamsburg have refused to operate on his knee. Plaintiff further claims that the denial of medical care is due to his race and immigration status. Thus, liberally construed, it appears Plaintiff is alleging a claim of deliberate indifference to medical needs and a violation of Plaintiff's equal protection rights. However, the Complaint and Amended Complaint in this case contain no factual allegations against the sole defendant, Warden John R. Owen. In fact, Plaintiff does not even mention Defendant Owen in the body of the Complaint or Amended Complaint.

A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that

defendant is properly dismissed. See Karafiat v. O'Mally, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); Whaley v. Hatcher, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008).

In the instant case, the Complaint and Amended Complaint are comprised of general statements regarding Plaintiff's alleged denial of medical treatment by unidentified FCI Williamsburg medical staff employees. However, as stated above, such "naked assertions," absent any specific factual allegations against Defendant Owen, are insufficient to state a cognizable claim under Bivens. See Iqbal, 129 S. Ct. at 1949.

Furthermore, to the extent Plaintiff seeks to hold Defendant Owen liable in his supervisory capacity, his complaint likewise fails. "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 1948. As the Iqbal Court observed, because masters do not answer for the torts of their servants in Bivens and § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 1949. Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating Bivens supervisory liability entirely." Id. at 1957 (Souter, J., dissenting).[4]

Finally, as noted above, Plaintiff's Amended Complaint clearly states that the prison has a grievance procedure; however, Plaintiff did not file an institutional grievance regarding the claims raised in this action. (Am. Compl., Docket Entry 8 at 2.) The Prison

---

[4]The court notes that even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a Bivens case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisory liable for constitutional injuries inflicted by their subordinates).

Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, enacted in April 1996, contains an exhaustion requirement providing that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity. Jones v. Bock, 549 U.S. 199, 216 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. See Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005). In the present action, it is readily apparent from the face of Plaintiff's Amended Complaint that he has not even attempted to utilize the administrative grievance process. For the above stated reasons, Plaintiff's case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**RECOMMENDATION**

Even liberally construed, the Complaint fails to state a claim on which relief can be granted against Defendant Owen, as it is devoid of any factual allegations against him that state a plausible claim. Further, the Complaint on its face shows that Plaintiff has failed to exhaust his administrative remedies. Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance of service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 4, 2009
Columbia, South Carolina

*The plaintiff is directed to the important Notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).